IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-02587-MSK-BNB

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,
as Assignee of Management Specialists, Inc.

    Plaintiff,

v.

AMERICAN ECONOMY INSURANCE COMPANY, an Indiana corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING
## JUDGMENT BASED UPON STIPULATED FACTS

THIS MATTER comes before the Court on the parties' joint motion **(#15)** requesting summary judgment on stipulated facts. Having considered the motion, the parties' briefs in support of their respective positions **(#14, #16, #17, #18)**, the stipulated facts, and the applicable insurance policies, the Court finds and concludes as follows.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II. Procedural Background

The Plaintiff, State Farm Fire and Casualty Company ("State Farm"), asserts three claims against the Defendant, American Economy Insurance Company ("American Economy"), on behalf of its insured, Management Specialists. State Farm seeks to recover all, or at least some, of $850,000 it paid in settlement of claims asserted against Management Specialists in underlying litigation.

In the underlying civil action, Lee C. Barton sued Management Specialists and Stratford Lakes Master Association, Inc. ("Stratford Lakes") for injuries he suffered in a slip and fall incident. The jury found Management Specialists and Stratford Lakes jointly liable to Mr. Barton. State Farm insured Management Specialists. After the trial and before the entry of judgment, Mr. Barton settled his claims against Management Specialists for $850,000, which State Farm paid.

American Economy insured both Stratford Lakes and Management Specialists. According to State Farm, American Economy should have paid the settlement amount for Management Specialists, but instead improperly paid for Stratford Lakes' liability in preference over payment for the liability of Management Specialists. State Farm asserts claims against American Economy for breach of its contract with Management Specialists, equitable subrogation, and equitable contribution for the settlement funds paid to Mr. Barton for Management Specialists.

American Economy asserts a single counterclaim against State Farm. It alleges that State Farm was the primary insuror for Management Specialists and that State Farm breached its contractual obligation as a primary insurer, causing American Economy (as an excess insurer) to incur more than its share of defense costs and fees in the underlying litigation.

At a hearing held pursuant to Fed. R. Civ. P. 16, it became apparent that the fundamental dispute centered upon whether the insurance provided by State Farm was primary or excess insurance. American Economy proffered that if both State Farm and American Economy are co-primary insurers, "then the case is essentially over and State Farm owes half for the defense" of underlying litigation. It also proffered that if State Farm provides only excess insurance, then a trial would be required on State Farm's claims. In contrast, State Farm did not believe that

resolution of this issue would be dispositive of the claims but "that it would go a long way toward resolution of the case." Based upon the parties' respective positions, the Court bifurcated the issue of whether the insurance provided by State Farm was primary or excess insurance pursuant to Fed. R. Civ.P. 42(b).

To facilitate determination of this issue, the parties suggested that they file cross-motions for summary judgment based upon stipulated facts asking the Court to interpret the various insurance policies at issue. The Court explained that cross-motions for summary judgment would not be the best mechanism because each motion would require independent consideration. Thereafter the parties filed a joint motion for summary judgment based upon stipulated facts.[1]

### III. Issue Presented

Based upon the stipulated facts, the Court determines whether the insurance policy issued by State Farm provided primary or excess coverage.

### IV. Stipulated Facts

The parties stipulate to the following facts:

1.      Stratford Lakes is a homeowners' association that operates the Stratford Lakes Community in Westminster, Colorado.

2.      Stratford Lakes entered into a Full Service Management Agreement with Management Specialists.

3.      A condominium owner, Lee C. Barton, slipped and fell on a sidewalk at the Stratford Lakes complex and sustained injuries. He filed a lawsuit against Stratford Lakes,

---

[1] The Federal Rules of Civil Procedure do not expressly specify this mechanism for dispute resolution but it best fits within the parameters of Fed. R. Civ. P. 56. No trial is required on the bifurcated issue because the parties agree to all material facts. Judgment is rendered as a matter of law.

Management Specialists and other defendants in the Adams County District Court. A jury awarded him a total of $3.6 million in damages. The jury assessed 50% of the negligence to Management Specialists.

    4.       Stratford Lakes was the Named Insured on a Commercial General Liability Policy issued by American Economy, No. 02-CC-790540-3 ("the American Policy").

    5.       Management Specialists was listed as an Additional Insured as a property manager under the Liability Coverage of the American Policy.

    6.       Management Specialists was the Named Insured on a Business Liability Policy issued by State Farm, No. 9601406577 ("the State Farm Policy").

The following facts are also undisputed, although they are not set forth in the parties' stipulated facts:

    1.       Section II of the State Farm Policy is entitled "Comprehensive Business Liability." Under the heading "Coverage L - Business Liability," Section II provides in relevant part: "We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury, property damage, personal injury or advertising injury."[2]

    2.       The State Farm Policy also provides in relevant part:

    8. Other Insurance . . .

        b. Section II

            (1) The insurance provided under Coverage L - Business Liability is excess insurance over any other insurance not written by us which would apply if this policy had not been

---

[2] Section I of the State Farm Policy provides property insurance, whereas Section II provides liability insurance. The underlying lawsuit involved bodily injury, giving rise to coverage under Section II. Therefore, the provisions of the State Farm Policy pertaining to Section I are not material.

> written. . . .
>
> (5) When this insurance is excess, we will have no duty under Coverage L - Business Liability to defend any claim or suit that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so but we will be entitled to the insured's rights against all those other insurers.

The State Farm Policy also contains an endorsement which provides: "With respect to bodily injury, personal injury or advertising injury arising out of your management of property for which you are acting as real estate manager, this insurance is excess over any other valid and collectible insurance available to you."

  3.  The American Policy provides coverage for "bodily injury" as part of "Coverage A." Its further provides:

> 4. Other insurance
>
> > If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:
> >
> > a. Primary Insurance
> >
> > This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.
> >
> > b. Excess Insurance
> >
> > This insurance is excess over: . . .
> >
> > > (2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by

5

> attachment of an endorsement.[3]
>
>> When this insurance is excess, we will have no duty
>> under Coverages A or B to defend the insured
>> against any "suit" if any other insurer has a duty to
>> defend the insured against that "suit." If no other
>> insurer defends, we will undertake to do so, but we
>> will be entitled to the insured's rights against all
>> those other insurers. . . .

4.  The American Policy states: "The word 'insured' means any person or organization qualifying as such under Section II - Who Is An Insured." In Section II, it defines "insured" as including "[a]ny person . . . or any organization while acting as your real estate manager."

### V. Analysis

State Farm contends that its policy is limited to providing excess coverage and the American Policy provides primary coverage. American Economy contends that the "other insurance" clauses in both policies conflict, placing State Farm and American Economy on equal footing as insurers.[4] Both parties agree that Colorado law governs resolution of this dispute.

An insurance policy is subject to ordinary principles of contract interpretation. *See Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (Colo. 2003). The Court reads the policy as a whole, does not read its provisions in isolation, and strives to give effect to the intent and reasonable expectations of the parties. *See id.; see also Thompson v. Maryland Cas. Co.*, 84 P.3d 496, 501 (Colo. 2004). Whenever possible, such intent is discerned from the policy itself.

---

[3] Subsection (1) of this provision is not at issue.

[4] In making such argument, American Economy relies principally on provisions of the State Farm Policy pertaining to Section I coverage. For the reasons stated *supra* at n.2, Section I has no relevance to this case. Therefore, American Economy's reliance is misplaced.

*See Bengtson v. USAA Property & Cas. Ins.,* 3 P.3d 1233, 1235 (Colo. App. 2000). The Court liberally construes a policy's coverage provisions in order to provide the broadest possible coverage. *See Fire Ins. Exch. v. Bentley*, 953 P.2d 1297, 1300 (Colo. App. 1998). Unless the policy evidences a contrary intent, the Court gives the words in a policy a plain and ordinary meaning. *See Cyprus Amax Minerals Co.,* 74 P.3d at 299.

In the case at bar, the language of both insurance policies is unambiguous. With respect to a claim of bodily injury "arising out of [Management Specialists'] management of property" (such as that prevailed upon by Mr. Barton), State Farm provides excess insurance. This is evident from the State Farm Policy's endorsement. In contrast, American Economy provides primary insurance unless the insured has other primary insurance, in which circumstance American Economy would provide excess insurance. In this case, because State Farm is not a primary insurer, the American Policy provides primary insurance.

American Economy advances several nonsensical arguments for alternative interpretations of the policies. For instance, it contends that it did not agree to provide primary insurance to Management Specialists because Management Specialists is an "additional insured" instead of a "named insured." Apparently, American Economy believes that insurance for an "additional insured" can never be primary and is always excess insurance, although there is nothing in the American Policy which suggests this.[5] Indeed, this argument is contrary to the plain language of

---

[5] Without citation to any authority, American Economy argues as follows:

> By definition "primary insurance" is never granted "by attachment of an endorsement" granting additional insured status. If you are a "primary" insured, you cannot also be an "additional" insured. The only way someone can be insured by "primary insurance," is to go buy the policy

(continued...)

7

the American Policy's Liability Plus Endorsement, which states that "Condition 4 Other Insurance (Section IV) applies" to an "additional insured."  It also is contrary to the American Policy's definition of "insured," which includes "[a]ny person . . . or any organization while acting as your real estate manager."  It also is contrary to the statement of defense counsel made at the Rule 16 hearing, in which he identified the dispute as "whether State Farm occupies a true excess position or a co-primary position."

American Economy also misreads its own policy.  The American Policy states:

> This insurance is excess over: . . .
>
> > (2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

According to American Economy, this provision is an "excess clause" which applies to any claim against Management Specialists simply because it is an "additional insured."  Such interpretation completely ignores the first clause of paragraph (2).  A plain reading of the American Policy demonstrates that such insurance is excess over "any other primary insurance available" to an insured.  Therefore, unless there is another insurance policy which provides primary insurance

---

[5](...continued)
    and be listed as its named insured.

It also argues that the State Farm Policy provides primary insurance to Management Specialists because it is the named insured under such policy.

These arguments thoroughly miscomprehend the distinction between "primary" and "excess" insurance.  Whether insurance is "primary" or "excess" has nothing to do with whether an insured is a "named" or "additional" insured and instead pertains to whether the insurer is obligated to provide coverage before or after other insurers.  As explained by Blacks Law Dictionary (8th Ed.), "primary insurance" is defined as "[i]nsurance that attaches immediately on the happening of a loss; insurance that is not contingent on the exhaustion of an underlying policy."  Similarly, "excess insurance" is defined as "[a]n agreement to indemnify against any loss that exceeds the amount of coverage under another policy."

coverage to Management Specialists, the "excess clause" does not apply.

It is unclear whether the Court's determination is dispositive of any of State Farm's claims in this lawsuit. Although American Economy was Management Specialists' primary insurer, the Court cannot determine how American Economy was required to allocate its $1 million policy limits among multiple insureds or between defense costs and settlement amounts. Furthermore, there are no facts in the record regarding the amount of the settlement with Stratford Lakes which would allow the Court to evaluate American Economy's allocation of insurance proceeds.

It is also unclear whether the Court's determination is dispositive of American Economy's counterclaim for breach of contract. In such counterclaim, American Economy alleges that State Farm breached its contractual obligation as a primary insurer, causing American Economy (as an excess insurer) to incur more than its share of defense costs and fees in the underlying litigation. Thus, although the Court's ruling resolves the primary/excess issue, it does not resolve whether American Economy paid more than its share of defense costs and fees or whether State Farm had a contractual obligation to contribute. The parties' stipulated facts do not address what costs and fees were paid by American Economy, and the parties have not identified which contractual provisions pertain to this issue.

**IT IS THEREFORE ORDERED** that :

(1) In determination of the parties' joint motion for summary judgment **(#15)**, the Court determines as a matter of law, that the State Farm Policy provides excess insurance coverage and the American Policy provides primary insurance coverage.

(2) Within 10 days of this Order, the parties shall contact the Magistrate Judge for the purposes of scheduling a hearing pursuant to Fed. R. Civ. P. 16. At such hearing,

the parties shall advise the Magistrate Judge as to what claims require a trial.

Dated this 2nd day of March, 2006

                **BY THE COURT:**

                */s/ Marcia S. Krieger*
                _____
                Marcia S. Krieger
                United States District Judge