IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-02587-MSK-BNB

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,
as Assignee of Management Specialists, Inc.

    Plaintiff,

v.

AMERICAN ECONOMY INSURANCE COMPANY, an Indiana corporation,

    Defendant.

---

**ORDER GRANTING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

---

THIS MATTER comes before the Court on cross-motions for summary judgment **(#45, #47)**. Both parties filed supporting briefs **(#46, #48)**, responses **(#49, #50, #51)**, replies **(#56, #57)**, and documentary evidence. Having considered the same, the Court finds and concludes as follows.

**I. Jurisdiction**

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**II. Issue Presented**

The Plaintiff and excess insurer, State Farm Fire and Casualty Company ("State Farm"), asserts claims on behalf of its insured, Management Specialists, for breach of contract, equitable subrogation, and equitable contribution against the Defendant and primary insurer, American Economy Insurance Company ("American Economy"). State Farm seeks to recover $555,555 from the Defendant as contribution for funds paid in settlement of claims against Management

Specialists in underlying litigation. The issue presented is whether a trial is required on any of State Farm's claims. If not, then the Court must apply the law to the undisputed facts for entry of judgment.

### III. Material Facts

Based upon the evidence submitted, there are no material facts in dispute. The material undisputed facts are:

1. Stratford Lakes is a homeowners' association that operates the Stratford Lakes Community in Westminster, Colorado. Management Specialists managed the Stratford Lakes complex pursuant to a Full Service Management Agreement.

2. Stratford Lakes and Management Specialists were both insured under a single Commercial General Liability Policy issued by American Economy. Management Specialists was also separately insured under a Business Liability Policy issued by State Farm. By Order **(#19)** granting the parties' joint motion for judgment for judgment on stipulated facts, this Court determined that the American Economy Policy provided primary coverage and that the State Farm Policy provided excess coverage.[1]

3. A condominium owner, Lee Barton, slipped and fell on a sidewalk at the Stratford Lakes complex and sustained injuries. He filed a lawsuit against Stratford Lakes, Management Specialists and other defendants in the Adams County District Court. A jury awarded him a total of $3.6 million in damages. The jury assessed 50% of the negligence to Management Specialists, and 40% to Stratford Lakes.

---

[1] Determination of the priority of the two policies was bifurcated pursuant to Fed. R. Civ. P. 42(b), and resolved the only counterclaim asserted by American Economy.

4.      After the jury returned its verdict, Mr. Barton and representatives of American Economy and State Farm participated in mediation. A settlement agreement resulted. Although the settlement agreement was not presented to this Court, its terms are reflected in two documents entitled "Basic Terms of Settlement" and copies of executed releases by Mr. Barton evidencing payment of $1,000,000.00 by American General on behalf of Stratford Lakes and Management Specialists, without allocation between them, and $850,000 by State Farm on behalf of Management Specialists. [2]  Nothing in these documents, nor elsewhere in the record, reflects any allocation of the settlement amount between Stratford Lakes and Management Specialists or between American General and State Farm as to how much each of them would pay on behalf of Management Specialists.

### IV. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual

---

[2] State Farm attaches apparent significance to the fact the Management Specialists did not sign either release. Because the releases were effective once the Bartons signed them, the absence of Management Specialists' signature on the releases is not material.

dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

This case involves mirror-image cross-motions for summary judgment, which present peculiar problems. Often (as in this case), parties believe that cross-motions for summary judgment will be considered together, simply as requests for alternative judgments. With this

misunderstanding, the parties simply iterate their own motion as a response to their opponent's, and incorporate their exhibits and argument by reference.

However, the Tenth Circuit has repeatedly directed those cross-motions for summary judgment should be determined, independently. *See Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1148 (10th Cir. 2000); *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another."). This is because "determination of whether there is a genuine dispute as to a material factual issue turns upon who has the burden of proof, the standard of proof and whether adequate evidence has been submitted to support a *prima facie* case or to establish a genuine dispute as to material fact[.]" *In re Ribozyme Pharmaceuticals, Inc., Securities Litig.*, 209 F. Supp. 2d 1106, 1112 (D. Colo. 2002). Thus, the Court addresses each motion, independently.

### V.  Analysis

**A.  State Farm's Motion**

State Farm moves for summary judgment on all three of its claims (breach of contract, equitable subordination and equitable contribution). All of these claims are premised upon the contention that American Economy paid its $1 million policy limit solely on behalf of Stratford Lakes, not on behalf of Management Specialists. State Farm argues that this was a breach of American Economy's contract with Management Specialists entitling State Farm to damages of $555,555, or alternatively that such sum should be order paid to State Farm as equitable relief. American Economy responds that the $1 million settlement amount was paid on behalf of both Stratford Lakes and Management Specialists.

It is State Farm's burden to prove its claims by a preponderance of the evidence. Unfortunately, the undisputed facts are inconsistent with the factual contention underlying State Farm's claims. The evidence in the record unequivocally establishes that American Economy made a settlement payment on behalf of Management Specialists. The "Basic Term Sheet" shows that American Economy intended to pay $1 million on behalf of both Management Specialists and Stratford Lakes; the executed release shows that it did.

Because there is no genuine dispute as to any material fact, there is no need for a trial. As a matter of law, judgment properly enters in favor of American Economy.

## B. American Economy's Motion

As a defense motion, American Economy contends that State Farm cannot produce evidence to support its claims. State Farm responds that American Economy breached its insurance contract with Management Specialists by paying its $1 million policy limits solely on behalf of Stratford Lakes. As discussed *supra*, State Farm's contention is unsupported by the evidence. As a consequence, there is no need for a trial because State Farm has not presented evidence to support its factual contention. As a consequence, summary judgment in favor of American Economy will enter.

**IT IS THEREFORE ORDERED** that:

(1)   The parties' motions for summary judgment **(#45, #47)** are **GRANTED**.

(2)   Judgment will enter in favor of American Economy and against State Farm, as to all claims.

Dated this 11th day of May 2007

                                              **BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge